IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

SIMON ATEBA,

Plaintiff-Appellant,

v.

KAROLINE C. LEAVITT, in her official capacity as Press Secretary to the President of the United States; UNITED STATES SECRET SERVICE; and SEAN M. CURRAN, in his official capacity as Director of the United States Secret Service,

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Columbia

SUPPLEMENTAL BRIEF FOR APPELLEES

BRETT A. SHUMATE
  *Acting Assistant Attorney General*

JOSHUA M. SALZMAN
STEVEN A. MYERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7232*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8648*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), undersigned counsel certifies as follows:

### A.     Parties and Amici

Plaintiff-appellant is Simon Ateba.  Defendants-appellees are Karoline C. Leavitt, in her official capacity as Press Secretary to the President of the United States; the United States Secret Service; and Sean M. Curran, in his official capacity as Director of the United States Secret Service.  No amici have appeared in district court or in this Court.

### B.     Rulings Under Review

The rulings under review (issued by Judge John D. Bates) are a memorandum opinion and order filed December 7, 2023, granting defendants summary judgment as to counts one and three of plaintiff's complaint and dismissing count two of the complaint without prejudice, as clarified by a February 21, 2024, order indicating that the district court intended its initial order to be final and appealable.  The memorandum opinion is published at 706 F. Supp. 3d 63.  There is no official citation for the orders.

C.  **Related Cases**

This case has not previously been before this Court or any court other than the district court.  Undersigned counsel is unaware of any related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

*/s/ Steven A. Myers*
STEVEN A. MYERS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ iv

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT .......................................................................................................... 3

This Case Is Not Moot Because The White House Has Not, As Of Yet, Formally Disclaimed Reliance On The Challenged Accreditation Requirement. .............................................................................. 3

CONCLUSION ....................................................................................................... 4

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Clarke v. United States,*
    915 F.2d 699 (D.C. Cir. 1990) ............................................................. 3

*Public Citizen, Inc. v. FERC,*
    92 F.4th 1124 (D.C. Cir. 2024) ............................................................ 3


**Other Authority:**

The White House, *Press Briefing by Press Secretary
    Karoline Leavitt* (Jan. 29, 2025),
    https://perma.cc/5QGN-NZD4 ............................................................ 2

## INTRODUCTION

The government respectfully submits this supplemental brief in compliance with the Court's order of January 31, 2025, directing the parties to address "the status of the challenged hard-pass policy of May 5, 2023, and whether this case is moot." Order (Jan. 31, 2025) (citations omitted). As explained below, as of the date of this filing, the White House has not formally disclaimed reliance on credentialing decisions by the Supreme Court and congressional press galleries in determining which journalists are entitled to press passes, and the case is therefore not moot.

## STATEMENT OF FACTS

This litigation challenges a policy adopted by the White House on May 5, 2023, pursuant to which a journalist's hard pass would expire unless he was, among other things, accredited by a press gallery in either the Supreme Court, the U.S. Senate, or the U.S. House of Representatives. *See* Gov't Br. 7. On appeal, plaintiff Simon Ateba contends that this accreditation requirement violates the First Amendment and is otherwise constitutionally unreasonable. *See* Ateba Opening Br. 19-45.

On January 20, 2025, Donald J. Trump was inaugurated as President of the United States. At a press briefing on January 29, 2025, the White House Press Secretary announced that the administration would "work diligently to restore the press passes of the 440 journalists whose passes were wrongly revoked by the previous administration." The White House, *Press Briefing by Press Secretary Karoline Leavitt* (Jan. 29, 2025), https://perma.cc/5QGN-NZD4. The Press Secretary further indicated that the administration was "opening up this briefing room to new media voices who produce news-related content and whose outlet is not already represented by one of the seats in this room." *Id.* The Press Secretary therefore announced that "independent journalists, podcasters, social media influencers, and content creators" could "apply for credentials to cover this White House" by visiting a White House website. *Id.* The Press Secretary indicated that the White House would then "review the applications and give credentials to new media applicants who meet our criteria and pass United States Secret Service requirements to enter the White House complex." *Id.* This statement did not expressly distinguish between hard passes and credentials conferring access of shorter durations, nor did it expand on the specific

criteria that the White House would be using in making credentialing decisions.

Since January 29, the White House has not further addressed the criteria for press accreditation; in particular, it has not unequivocally indicated that it will no longer require congressional or Supreme Court credentialing as a precondition for a hard pass or that it will cease considering such accreditation in the credentialing process.

## ARGUMENT

**This Case Is Not Moot Because The White House Has Not, As Of Yet, Formally Disclaimed Reliance On The Challenged Accreditation Requirement.**

In this appeal, plaintiff contends that it violates the First Amendment, and is otherwise constitutionally unreasonable, to condition eligibility for a White House hard pass on accreditation by the congressional and Supreme Court galleries. Were the White House to formally rescind that requirement, this litigation would be moot, as a decision from this Court would "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Public Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127-28 (D.C. Cir. 2024) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir.

1990) (en banc)). To date, however, the White House has not yet done so; it has only indicated a general intent to restore passes to journalists whose passes were rescinded and otherwise "open[] up th[e] briefing room" to a broader category of journalists. This action is therefore not moot. Should the White House take steps that render this action moot, of course, the government will promptly notify the Court.

## CONCLUSION

For the foregoing reasons, this case is not moot.

Respectfully submitted,

BRETT A. SHUMATE
   *Acting Assistant Attorney*
   *General*

JOSHUA M. SALZMAN
<u>/s/ Steven A. Myers</u>
STEVEN A. MYERS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7232*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 305-8648*
   *steven.a.myers@usdoj.gov*

FEBRUARY 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set by this Court's order of January 31, 2025, because it contains 628 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ *Steven A. Myers*
Steven A. Myers